SOPHIE BRENES, Respondent, *v.* JOB E. HEDGES, as Receiver of NEW YORK RAILWAYS COMPANY, Appellant.

First Department, July 14, 1922.

Judgments — default judgment in favor of defendant in negligence action — application under Civil Practice Act, § 108, to open default more than year after entry of judgment is too late.

Where a judgment is entered upon an order dismissing the complaint which was granted after several postponements of the case then on the trial calendar, an application, under section 108 of the Civil Practice Act, to open the default and set aside the judgment upon affidavits which merely recite the history of the

case, without giving any explanation for the extraordinary delay in moving to open the default more than one year after the judgment was entered, should be denied. ·

APPEAL by the defendant, Job E. Hedges, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of May, 1922, vacating a default judgment dismissing the complaint and restoring the cause to the Trial Term day calendar.

*Winthrop & Stimson* [*Albert L. Wilbur* of counsel], for the appellant.

*M. N. Schleider* [*Samuel D. Bierman* of counsel], for the responnent. respondent.

GREENBAUM, J.:

The action was brought to recover the sum of $30,000 as damages for personal injuries alleged to have been sustained by the plaintiff on May 9, 1919, when she was struck by a trolley car operated by the defendant at Fourth street and the Bowery in the borough of Manhattan, city of New York.

The summons and complaint were served on May 28, 1919; the answer was served June 9, 1919. The cause was duly noticed for trial and on January 19, 1921, appeared on the day calendar of Trial Term, Part III, and again on February 7 and 11, 1921, when it was sent to Trial Term, Part IV, for trial. Plaintiff applied for an adjournment on the plea of the illness of trial counsel and the cause was set down for trial for February 14, 1921, when a further application for postponement was made on the statement that trial counsel was ill. The cause was held until the following day, February fifteenth, when a further application was made for postponement, which was denied.

The complaint was dismissed upon motion of defendant's counsel and judgment upon the dismissal was entered by the defendant on March 30, 1921. No steps were taken to be relieved from the judgment until May 3, 1922, upwards of a year after the entry thereof, when the plaintiff sought by a motion at Special Term to open the default and set aside the judgment upon affidavits which merely recited the incidents above detailed without giving any explanation whatever for the extraordinary delay in moving to open the default.

The Special Term granted plaintiff's motion upon payment of thirty dollars costs.

Section 108 of the Civil Practice Act provides as follows: " The court, in its discretion, and upon such terms as justice requires, at any time within one year after notice thereof, may relieve a party

from a judgment, order or other proceeding, taken against him through his mistake, inadvertence, surprise or excusable neglect."

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to vacate the judgment denied, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.