NATHAN WEISS, Plaintiff, Respondent, *v.* FORTY-SECOND STREET, MANHATTANVILLE AND ST. NICHOLAS AVENUE RAILWAY COMPANY, Defendant, Appellant.

Supreme Court, Appellate Term, First Department, June 24, 1924.

Judgments — opening default — motion to open default and set aside judgment in Municipal Court of the city of New York must be made within one year after entry pursuant to Municipal Court Code, § 129, subd. 2 — failure of plaintiff to open default within one year fatal to motion to restore action to trial calendar.

Plaintiff's motion to restore an action to the trial calendar in the Municipal Court of the city of New York will be denied where he has failed to move to open a default and set aside a judgment dismissing the complaint in the action within one year after the default was taken, as required by section 129, subdivision 2, of the Municipal Court Code.

APPEAL by defendant from an order of the Municipal Court of the city of New York, borough of Manhattan, second district, granting the motion made by plaintiff to restore the above action to the trial calendar.

*Alfred T. Davison (Oliver R. Brant,* of counsel), for the appellant.

*Isidor Block,* for the respondent.

LEVY, J. This action came on for trial on November 16, 1922, in the Municipal Court. The plaintiff failed to appear whereupon his default was taken and the complaint dismissed, with thirty dollars costs. On March 17, 1924, more than a year thereafter, a motion was made by the plaintiff to vacate the dismissal and restore the cause to the trial calendar. This motion was denied without prejudice. Thereafter, a motion was made upon substantially the same papers upon which the previous motion was predicated to restore the cause to the trial calendar and was granted. This appeal is taken from the order granting said motion.

A default having been entered against him, plaintiff was, under

the necessity of moving to have that default opened. This the plaintiff did not do. Being in default at the time that the motion was made, the action could not be restored to the trial calendar until the default was opened. There can be no question but that the plaintiff was in default irrespective of whether his failure to appear was inadvertent or not.

Section 129, subdivision 2, of the Municipal Court Code provides as follows: "A motion to open a default and to vacate and set aside a judgment entered thereon must be made with due diligence and upon good cause shown and in no event more than one year after entry of the judgment." Plaintiff failed to move to open the default within one year and his delay, aside from other considerations, is fatal to the granting of the motion. *Brenes* v. *Hedges, etc.*, 202 App. Div. 665.

Order restoring the cause to the trial calendar reversed, with ten dollars costs, and motion denied.

BIJUR and MULLAN, JJ., concur.

Order reversed and motion denied.